## 21224. CONTINENTAL SWIMMING POOLS, INC. v. ROLL.

SUBMITTED MAY 9, 1961—DECIDED JUNE 8, 1961.

*Greer, Morris, Bartholomew & Findley, Richard G. Greer, R. T. Bartholomew,* for plaintiff in error.

*Haas, Holland & Zinkow, Richard C. Freeman,* contra.

GRICE, Justice. Under review is the grant of a temporary injunction against the transfer of a promissory note. The material events leading up to this ruling may be summarized as follows.

Jack Roll, hereinafter referred to as "the owner," filed in the Superior Court of Fulton County, Georgia, a petition against Continental Swimming Pools, Inc., hereinafter referred to as "the builder." The owner alleged that the builder had contracted with him to construct a swimming pool on his property, that the work had not been performed in accordance with their contract and was worthless, that consequently he had been damaged and was therefore entitled to a money judgment against the builder. In addition, and of primary significance here, the owner, in paragraph 13, alleged that, in order for the builder to obtain necessary financing, the owner had signed a promissory note in blank and that the note still remained in the hands of the builder. The owner further alleged that the builder "is insolvent and that if [the builder] is allowed to retain said promissory note of [the owner], it will discount, sell, transfer, or assign the said note to an innocent purchaser for value, and that if the same is done, [the owner] will be irreparably damaged, since he will have no adequate remedy at law against [the builder]." The prayers of the petition included monetary damages, injunction against transfer of the note, and general relief.

The owner sought injunctive relief on the basis that transfer to an innocent purchaser for value would destroy his defense of failure of consideration, to wit, the worthless construction of the

swimming pool, and therefore that, upon his being held liable upon suit on the note by such transferee, he would be unable to obtain reimbursement from the insolvent builder.

The builder's answer denied the material allegations of the petition and by cross-action sought to recover from the owner the balance claimed to be due under the contract.

At the hearing the owner, being thus put upon proof, relied upon eight affidavits. The builder did not offer any evidence. An interlocutory injunction was entered forbidding the builder from transferring the promissory note, and this ruling is assigned as error.

Examining the evidence, we find that it unquestionably established the making of the contract, its non-performance, the consequent failure of consideration for the owner's promise to pay, and the imminent transfer of the note.

The parties, as evidenced by their contentions, are in disagreement only as to whether insolvency of the builder was shown. The evidence authorized a finding that the builder was insolvent. It showed the following: that two materialmen had filed liens against the owner's property and that of others for unpaid items due by the builder; that the builder's attorney in one instance acknowledged the builder's inability to pay and obtained for a specified time deferment of legal proceedings for collection; and that, after non-payment within the agreed time, suit was brought and is now pending against the builder on that particular claim. As to insolvency, see Black, Law Dictionary (4th ed. 1951), p. 937.

It follows that the judge of the superior court did not err in granting the interlocutory injunction against the defendant's transfer of the note.

*Judgment affirmed. All the Justices concur.*